[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS AND MOTIONS TO STRIKE
The "denial" of the Motion to Dismiss issued on February 5, 2002 is hereby vacated and the Motion to Dismiss dated December 26, 2001 is hereby granted.
On February 5, 2002 this court examined both the Motion to Dismiss and the plaintiff's Complaint and Motion for Argument dated December 31, 2001. The handwritten complaint filed by the plaintiff is very rambling and is full of accusations but no facts. The court thought it best to delay any action on the Motion to Dismiss, grant the Motion for Argument and hear what the plaintiff had to say in an effort to give him an opportunity to clarify the remarks made in his complaint. It was the court's intention to take no action on the Motion to Dismiss at that time. However, the court did mistakenly mark the Motion to Dismiss as "denied".
On April 29 the court had an opportunity to hear all parties involved in this case i.e., the plaintiff, the Assistant Attorney General representing all of the defendants, except the Hartford Police Department, and counsel representing the Hartford Police Department. In conjunction with this hearing the court has examined and reexamined the memoranda supplied by the Defendants for both the Motion to Dismiss and the Motions to Strike, and the memorandum filed by the counsel for the CT Page 5676 Hartford Police Department as well as the many different handwritten pleadings filed by the defendant.
As a result of this hearing the court is of the opinion that the Motion to Dismiss should have been and herewith is granted for the reason that the plaintiff has no case. Although the Motions to Strike are perhaps ineffective because of this ruling on the Motion to Dismiss the court herewith also grants both Motions to Strike lest there be any question as to which of the defendants are covered.
The court finds that Governor John Rowland is protected by sovereign immunity. The case should be dismissed for lack of subject matter jurisdiction because the plaintiff has made no factual allegations against Governor Rowland and demonstrated no standing to invoke the courts jurisdiction in this case. Also no facts have been alleged which would be a bar to sovereign immunity.
The court also finds that the plaintiff has failed to exhaust his administrative remedies. General statute § 4-165 declares "any person seeking damages against a state employee immune under the statute can, instead, file a claim with the state claims commission." There is no indiction in this case that the plaintiff had ever filed such a claim.
The same arguments for invocation of sovereign immunity and Connecticut general statute 4-165 as to immunity applicable to the Governor also apply to Public Defenders i.e., DeCaprio, Bernstein and Barrs. The failure to exhaust administrative remedies also applies to the Public Defenders. As to the Assistant States Attorney, Vicki Melchiorre, sovereign immunity and the failure to exhaust administrative remedies also apply.
The Court finds that as to the prosecutors and the judges named as defendants in this case sovereign immunity, prosecutorial immunity and judicial immunity all apply as does the failure to exhaust the administrative remedies.
In addition to the ground stated above the Court finds that there was an insufficiency of process of service and return of process in this case. Complaints were not signed by a Commissioner of the Superior Court or a judge or clerk of the court.
Hale, JTR
Notes
During the course of the argument held in this case a Motion for Re-argument and to Set Aside Decision were discovered which had not been CT Page 5677 brought to the attention of the court.
In the light of the holding in this memoranda this Motion for Re-argument is moot. However, it bears a correction. The second paragraph indicates that a decision was rendered by Judge Hennessy on February 14, 2000. In attempting to understand all of the pleadings in this case it was discovered that that decision which was rendered on February 14, 2000 was a mistake and did not apply to this case.